## DICKENS *vs.* THE STATE OF GEORGIA.

1. It is error in the Court to charge the jury in a criminal case, that the defense, if successful, would, in his judgment, be based on the violation of a solemn oath they had taken, that he is "constrained to warn them, that to acquit the prisoner on such a ground, that ignorance of the existence of a law is a good excuse for its violation," would be a violation of their oaths as jurors.
2. The right of the jury to judge of the law being secured by statute, must not be impaired by denunciation of the Court, that if they do so and acquit the prisoner, they would violate their oaths as jurors.

Misdemeanor, in Hancock Superior Court. Tried before Judge THOMAS, at December Adjourned Term, 1859.

The plaintiff in error was indicted for selling whisky in a quantity less than one gallon, without taking the oath required by law.

On the trial, William Tyas testified : That defendant sold him a quart of whisky ; he wanted to buy a less quantity, but she said she could not sell a less quantity, because it was against the law.

Defendant introduced no testimony, but her counsel insisted before the jury that if they believe that she did not intend to violate the law, they might acquit.

Upon the subject of the defense, the Court charged as follows :

"The defense set up here, to-wit : that the defendant was ignorant of the existence of the law which she is charged with violating, will, in my judgment, if successful, be based on the violation of a very solemn oath you have taken. Ignorance of the existence of a law is not, and has never been held, so far as I know, to be an excuse for its violation. To establish such a principle would be to uproot and destroy the protection of society, and render nugatory, in a great sense, the criminal laws.

"It is argued before you that intention is a necessary ingredient of crime. This is true, and you must be satisfied that when the defendant sold the liquor she intended to sell liquor. But it is not necessary to show that she knew that selling liquor was criminal. If she knew she was selling liquor, the intention existed. If she believed at the time

she was selling beer, or coffee, or water, then the intention would not exist.

"You have been told you are judges of the law: This is true, and in judging the law, you are independent of the Court. You undoubtedly have the power to judge the law and say that ignorance of the existence of a law is a good excuse for its violation; but I am constrained to warn you that to acquit this defendant on such a ground would be a violation of your oaths as jurors; and to put her accquittal on such a ground would be no better than to find her not guilty, because she wears a red shawl. Such a consideration as ignorance of the law can only be entertained by the pardoning power, which it is unlawful for you to exercise."

To this charge the defendant excepted, and assigns the same as error.

A. H. Stephens, for plaintiff in error.

Burch, Solicitor General, represented by Akerman, for defendant in error.

*By the Court.*—Lyon, J., delivering the opinion.

The plaintiff in error, without license to retail, and without taking the affidavit required by the Act of 29th December, 1839, (*Cobb*, 1039,) "not to sell or furnish spirituous liquors to slaves, without an order," etc., sold a quart of whisky, for which she was prosecuted and convicted.

Under the law, as it existed previously to the Act of 1838, persons could sell liquor in quantities of a quart and over without license. But that Act, for the purpose of suppressing the traffic in liquor with slaves, introduced this change in the old law : "that all venders of liquors in less quantities than *a gallon* should take the oath" prescribed by that Act, whether they had license to retail or not. The plaintiff in error seems to have been ignorant in this change of the law—not a very uncommon thing, by the way—and was entirely innocent of an intention to violate the law ; for the person to whom she sold the whisky, wanted to buy a less quantity, but she would not sell it, saying that was against the law. On the trial, she rested her defense upon this want of intention to violate the law, under the provisions in

Dickens *vs.* The State of Georgia.

the Penal Code: "that the jury, in criminal cases, were judges of the law and the fact." (*Cobb*, 835.) And, "A person shall not be found guilty of any crime or misdemeanor, committed by misfortune or accident, and when it satisfactorily appears that there was no evil design, or intention, or culpable neglect." (*Cobb*, 779.)

The Judge charged the jury, "that the defense, if successful, would, in his judgment, be based on the violation of a very solemn oath they had taken;" that he was "constrained to warn them, that to acquit the defendant on such a ground, that ignorance of the existence of a law is a good excuse for its violation, (not exactly the ground of defense,) would be a violation of their oaths as jurors." In this we think the Court committed error.

The right of the jury to judge of the law, and to acquit or convict as they shall judge, is guaranteed to them and the prisoner by the statute of the State, to which we must all bow, and that right must not be abridged, weakened or thwarted by the thunder of the Court in their ears; that if they should take a different view of the law to himself, that they will, in so doing, violate their solemn oaths as jurors.

The Court must impartially and dispassionately instruct the jury as to the law of the case, and leave them free in the exercise of their right and duties under that law and the facts, to convict or acquit, as they shall conscientiously judge. I agree with the Court below, that the intention is manifested by the act; that ignorance of a law is no excuse for its violation, and that when a jury capriciously acquits one palpably guilty of a crime, that they violate their oaths and solemn duties to the law and the country, and that when they do so, there ought to be no harm in telling them so. But this cannot be done without crippling, if not destroying, a principle that the law for wise purposes has lodged with the jury.

The 10*th* sec. of the 1*st div*. of the *Penal Code*, (*Cobb*, 779,) referred to by counsel in the defense, and quoted above, does not apply to cases of this kind, but to those cases only where the crime was committed by misfortune or accident, and without any evil design, intention or culpable neglect—both things misfortune, or accident—or without evil design or intention concurring in the perpetration

Judgment reversed.